**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERT E. LEE, | : | HABEAS CORPUS |
| also known as Robert Spinks, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| GA DEPARTMENT OF | : | CIVIL ACTION NO. |
| CORRECTIONS, | : | 1:16-CV-0982-TWT-JFK |
| Respondent. | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Robert E. Lee – also known within the Georgia Department of Corrections (GDC) as Richard F. Spinks, GDC number 924267 – has submitted a mandamus petition, docketed as a federal habeas corpus petition under 28 U.S.C. § 2241.[1] (Pet., ECF No. 1). For the purpose of dismissal, Petitioner is **GRANTED** *in forma pauperis* status, and the matter is now before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to order summary dismissal of a

---

[1] "[A] habeas petition filed by a state prisoner in custody pursuant to the judgment of a state court is subject both to § 2241 and to § 2254 . . . ." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004).

petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

## I.   Discussion

Petitioner complains that the GDC has failed to comply with Georgia law – O.C.G.A. §§ 17-10-10, 17-10-11; Spann v. Whitworth, 262 Ga. 21, 413 S.E.2d 713 (1992) – and give him proper credit for time spent in confinement while awaiting trial. (Pet. at 1-4).  Petitioner asks the Court to compel the GDC to give him proper credit. (Id. at 1).

A claim for mandamus relief under 28 U.S.C. § 1361, requires that a United States' government official or employee owes a plaintiff the performance of a clear legal duty.  A claim for mandamus relief under 28 U.S.C. § 1651 requires that the relief sought be in aid of the court's already acquired jurisdiction.  Accordingly, this Court has no general power to issue writs of mandamus against non-federal employees or officials.  See 28 U.S.C. §§ 1651, 1361; Moye v. Clerk, DeKalb Superior Court, 474 F.2d 1275, 1275 (5th Cir 1973).  Although Petitioner styled his pleadings as a petition for mandamus, mandamus relief is unavailable, and this action was construed to seek federal habeas corpus relief.

2

A federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Determinations by state prison authorities and courts in computing the time to be served under a state sentence "present no federal question, constitutional or otherwise, and are not subject to review by federal habeas corpus proceedings." Grossnickle v. State of Ala., 415 F.2d 864, 865 (5th Cir. 1969); see also Ballard v. Franklin, 463 F. App'x 732, 734-35 (10th Cir. 2011) ("[A]ny misapplication of the sequence of Mr. Ballard's sentences does not involve the denial of a constitutional right."); Kipen v. Renico, 65 F. App'x 958, 959 (6th Cir. 2003) ("[T]he actual computation of Kipen's prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254."); cf. Wallace v. Turner, 695 F.2d 545, 549 (11th Cir. 1983) ("[I]f a sentence is imposed in direct violation of a state procedural rule and

affects a defendant's parole eligibility date, such questions are matters of state law only, and federal courts lack jurisdiction to consider them.").[2]

Petitioner presents no federal issue and, thus, fails to state a claim for federal habeas corpus relief.  Accordingly, the petition should be denied.

## II.     Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484

---

[2]There is no allegation by Petitioner that he is being held beyond the termination of his sentence.  James v. Walsh, 308 F.3d 162, 168 (2d Cir. 2002) ("James could not have argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he should have been released . . . .").

4

(2000)) (internal quotation marks omitted), <u>cert. denied</u>, _ U.S. _, 136 S. Ct. 324 (2015).

The undersigned recommends that a COA should be denied because it is not debatable that Petitioner's allegations concerning the application of Georgia law in determining the service of his sentence do not present a claim under federal law. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**III.   Conclusion**

**IT IS RECOMMENDED** that, pursuant to Rule 4, the instant petition [1] be **DENIED**, that a certificate of appealability be **DENIED**, and that this action be **DISMISSED**.

5

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED**, this 22nd day of April, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)